**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

KENNETH W. DAYHOFF,

                Plaintiff,

                                    Case No. 6:16-cv-72-J-JRK

vs.

NANCY A. BERRYHILL,[1]
Acting Commissioner of Social Security,

                Defendant.
_____/

**OPINION AND ORDER**[2]

**I.  Status**

Kenneth W. Dayhoff ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI").  Plaintiff's alleged inability to work is the result of "[c]entral cord syndrome, neck/spinal cord trauma."  See Transcript of Administrative Proceedings (Doc. No. 14; "Tr." or "administrative transcript"), filed May 9, 2016, at 209. Plaintiff filed her application for DIB on January 19, 2012 and for SSI on February 17, 2012, alleging in both an onset date of June 10, 2011.  Tr. at 172-73 (DIB); Tr. at 174-81 (SSI). Plaintiff's applications were denied initially, Tr. at 90-92 (DIB); Tr. at 96-97, 102 (SSI), and were denied upon reconsideration, Tr. at 107-09 (DIB); Tr. at 113-14, 118 (SSI).

---

[1]     Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017.  Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn W. Colvin as Defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]     The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 13), filed May 9, 2016; Reference Order (Doc. No. 16), entered May 11, 2016.

At a hearing on March 19, 2014, an Administrative Law Judge ("ALJ") heard testimony from a vocational expert ("VE") and from Plaintiff, who was represented by counsel.  Tr. at 28-55.  On April 24, 2014, the ALJ issued a Decision finding Plaintiff not disabled "from June 10, 2011, through the date of th[e D]ecision," and denying Plaintiff's claims.  Tr. at 22; see Tr. at 11-23.  Plaintiff then requested review by the Appeals Council, Tr. at 7, and submitted to the Council additional evidence in the form of a brief by her attorney, Tr. at 4, 5; see Tr. at 248-49 (brief).  On December 1, 2015, the Appeals Council denied Plaintiff's request for review, making the ALJ's Decision the final decision of the Commissioner. Tr. at 1-3.  On January 19, 2016, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff raises one overall issue on appeal: "[w]hether the ALJ properly assessed the weight of the medical opinions when formulating the residual functional capacity [('RFC')]." Plaintiff's Memorandum (Doc. No. 18; "Pl.'s Mem."), filed July 11, 2016, at 11; see id. at 11-17.  Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 19; "Def.'s Mem.") on August 26, 2016.  After a thorough review of the entire record and the parties' respective memoranda, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for further administrative proceedings.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[3] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining

---

[3]       "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).  The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry.  See Tr. at 13-22.  At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since June 10, 2011, the alleged onset date."  Tr. at 13 (emphasis and citation omitted).  At step two, the ALJ found that Plaintiff "has the following severe impairments: degenerative disc disease of the cervical spine/central cord syndrome, status-post spinal cord injury; degenerative disc disease of the lumbar spine; and hepatitis C."  Tr. at 13 (emphasis and citation omitted).  At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  Tr. at 15 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work . . . with the following limitations. [He] can lift/carry 20 pounds occasionally, and 10 pounds frequently. He can stand/walk for a total of six hours during an eight-hour workday, and sit for a total of six hours during an eight-hour workday, with the option to sit/stand at one-hour intervals. [Plaintiff] occasionally can balance, stoop, kneel, crouch, crawl, or climb ramps/stairs. He never can climb ladders, ropes or scaffolds. He occasionally can reach overhead with his bilateral upper extremities. He frequently can handle, finger and feel with his bilateral upper extremities. [Plaintiff] should havae [sic] no work requirements for traversing traverse [sic] uneven terrain. He should avoid hazards such as unprotected heights, dangerous machinery, and full-body vibration.

Tr. at 15 (emphasis omitted).  At step four, the ALJ found that Plaintiff "is unable to perform

any past relevant work" as an auto body technician/painter.  Tr. at 21 (emphasis and citation

omitted).  At step five, the ALJ considered Plaintiff's age (forty-nine (49) years old on the

alleged onset date), his "limited education," his work experience, and his RFC, and the ALJ

determined that "jobs exist in significant numbers in the national economy that [Plaintiff] can

perform."  Tr. at 21 (emphasis and citation omitted).  Relying on the testimony of the VE, the

ALJ identified representative employment to include work as a "ticket taker," work as a

"parking lot attendant," and "non-hazardous security work."  Tr. at 22 (some capitalization

omitted).  The ALJ concluded that Plaintiff "has not been not under a disability . . . from June

10, 2011, through the date of th[e D]ecision."  Tr. at 22 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42

U.S.C. §§ 405(g) and 1383(c)(3).  Although no deference is given to the ALJ's conclusions

of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'"  Doughty

v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322

(11th Cir. 1998)).  "Substantial evidence is something 'more than a mere scintilla, but less

than a preponderance.'"  Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting

Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial evidence standard

is met when there is "such relevant evidence as a reasonable mind might accept as adequate

to support a conclusion."  Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S.

389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is

reviewed to determine whether "the decision reached is reasonable and supported by

substantial evidence."  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation

omitted).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

Plaintiff contends the ALJ's RFC finding conflicts with the opinions of three doctors: (1) treating primary care physician Paul Biggs, M.D.; (2) examining neurologist Gary Weiss, M.D.; and (3) examining physician Homi Cooper, M.D.  Pl.'s Mem. at 11-12.  Plaintiff's arguments regarding the respective medical opinions are addressed in turn below, following an account of the applicable law.

## A.  Applicable Law

The Regulations establish a "hierarchy" among medical opinions that provides a framework for determining the weight afforded to each medical opinion: "[g]enerally, the opinions of examining physicians are given more weight than those of non-examining physicians[;] treating physicians[' opinions] are given more weight than [non-treating physicians;] and the opinions of specialists are given more weight on issues within the area of expertise than those of non-specialists."  McNamee v. Soc. Sec. Admin., 164 F. App'x 919, 923 (11th Cir. 2006) (citing 20 C.F.R. § 404.1527(d)(1), (2), (5)).  The following factors are relevant in determining the weight to be given to a physician's opinion: (1) the "[l]ength of the treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of [any] treatment relationship"; (3) "[s]upportability"; (4) "[c]onsistency" with other medical evidence in the record; and (5) "[s]pecialization."  20 C.F.R. §§ 404.1527(d)(2)-(5), 416.927(d)(2)-(5); see also 20 C.F.R. §§ 404.1527(e), 416.927(f).

With regard to a treating physician or psychiatrist,[4] the Regulations instruct ALJs how to properly weigh such a medical opinion.  See 20 C.F.R. § 404.1527(c).  Because treating physicians or psychiatrists "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s)," a treating physician's or psychiatrist's medical opinion is to be afforded controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record.  Id.  When a treating physician's or psychiatrist's medical opinion is not due controlling weight, the ALJ must determine the appropriate weight it should be given by considering the factors identified above (the length of treatment, the frequency of examination, the nature and extent of the treatment relationship, as well as the supportability of the opinion, its consistency with the other evidence, and the specialization of the physician).  Id.

If an ALJ concludes the medical opinion of a treating physician or psychiatrist should be given less than substantial or considerable weight, he or she must clearly articulate reasons showing "good cause" for discounting it.  Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).  Good cause exists when (1) the opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion is conclusory or inconsistent with the treating physician's or psychiatrist's own medical records.  Phillips, 357 F.3d at 1240-41; see also Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991); Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987) (stating that a treating physician's medical opinion may be discounted when it is not accompanied by objective medical evidence).

---

[4]    A treating physician or psychiatrist is a physician or psychiatrist who provides medical treatment or evaluation to the claimant and who has, or has had, an ongoing treatment relationship with the claimant, as established by medical evidence showing that the claimant sees or has seen the physician with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for the medical condition.  See 20 C.F.R. § 404.1502.

An ALJ is required to consider every medical opinion.  See 20 C.F.R. §§ 404.1527(d), 416.927(d) (stating that "[r]egardless of its source, we will evaluate every medical opinion we receive").  While "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion," Oldham v. Schweiker, 660 F.2d 1078, 1084 (5th Cir. 1981) (citation omitted); see also 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2), "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor," Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (citing Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir.1987)); see also Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005).  "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence."  Winschel, 631 F.3d at 1179 (quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)); see also Colon v. Comm'r of Soc. Sec., No. 6:14-cv-378-Orl-DNF, 2015 WL 5599896, at *4 (M.D. Fla. Sept. 22, 2015) (unpublished) (interpreting Winschel's weight-articulation requirement to apply to non-treating opinions); Cranford v. Comm'r of Soc. Sec., No. 6:13-cv-415-Orl-GJK, 2014 WL 1017972, at *4 (M.D. Fla. Mar. 17, 2014) (unpublished) (stating that "[w]eighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability").

## B. Whether the ALJ Erred in Assessing the Medical Opinions

### 1. Dr. Biggs

As Plaintiff's primary care physician, Dr. Biggs treated Plaintiff between June 20, 2011 and November 19, 2013.  See, e.g., Tr. at 306-08, 328-30, 354-57, 362-65, 373-76, 386, 396-99, 454-57, 465-72, 475-78, 492-95, 497-500.  On January 12, 2013, Dr. Biggs completed a form evaluating Plaintiff's limitations.  Tr. at 419-25.  On the form, Dr. Biggs indicated,

among other things, that Plaintiff experiences "[p]artial relief with [m]eds," Tr. at 422; that he

needs to change position every thirty minutes "or more often," Tr. at 422; that he can walk

slowly, Tr. at 423; and that he is likely to be absent from work "[m]ore than three times a

month" due to his impairments or treatment, Tr. at 425.

In the Decision, the ALJ summarized Dr. Biggs's January 2013 assessment, Tr. at 18-

19, and she gave little weight to Dr. Biggs's opinion, Tr. at 20.  The sole reason given for this

determination is the ALJ's finding that Dr. Biggs's opinion "appear[s] to be based largely on

[Plaintiff's] own statements rather than on [Dr. Biggs's] objective examinations and

independent medical judgment." Tr. at 20 (citing Exhibit No. 5F (Tr. at 418-25)) (other citation

omitted).  The ALJ did not explain this further.

Plaintiff contends "[t]here was no evidence" that Dr. Biggs based his opinion on

Plaintiff's statements rather than objective testing and medical judgment.  Pl.'s Mem. at 13.

On this point, Plaintiff asserts that "Dr. Biggs specifically state[d] that for the purpose of

estimating absences from work he relied on Plaintiff's medical condition, missed doctor

appointments, and Plaintiff's history." Id. at 13-14 (citing Tr. at 425).  Plaintiff further argues

that "[t]he ALJ ignored" the following points:

> (1) Dr. Biggs[] noted medical findings of DJD (degenerative joint disease) and
> Spinal Stenosis as found in MRI scans of 4/09/12 and Lumbar Spine films of
> 3/09/12. [Tr. at] 419.  (2) Dr. Biggs[] noted cervical spinal motion was
> "generally slow and stiff". [Tr. at] 420.  (3) Dr. Biggs[] noted Deep tendon
> reflexes in the biceps, triceps, knees, and ankles were "Distinctly abnormal and
> hypoactive." [Tr. at] 421.  (4) Dr. Biggs[] verified that Plaintiff received only
> "partial [pain] relief with meds." [Tr. at] 422.  (5) Dr. Biggs had been treating
> Plaintiff's chronic pain since 6/20/11 so he was very familiar with his condition.
> [Tr. at] 328.

Pl.'s Mem. at 14.

Upon review, the record does not support the ALJ's determination that Dr. Biggs's

opinion is based on Plaintiff's statements and not on objective testing or independent medical

-8-

judgment.  See Tr. at 20.  Although some of Dr. Biggs's answers on the form are qualified

with "per pt," indicating they are based on Plaintiff's statements, see Tr. at 424-25, most of

the answers are not—which most reasonably suggests they are based on the doctor's own

medical assessment.  The ALJ gave no further explanation for discounting Dr. Biggs's

opinion.  She did not discuss, for instance, whether the opinion was supported by Dr. Briggs's

treatment notes—and indeed, she did not mention the fact that Dr. Briggs treated Plaintiff for

more than two years.  Overall, lacking a reasonable basis for discounting Dr. Biggs's opinion,

the Decision is to be reversed and remanded for the ALJ to reconsider the opinion.

2.  Dr. Weiss

Dr. Weiss examined Plaintiff on February 26, 2014 and completed further

assessments on March 13, 2014.  Tr. at 507-10 (February 26, 2014 report); Tr. at 511-15

(March 13, 2014 assessments).  Dr. Weiss diagnosed Plaintiff with "[c]entral cord syndrome

with chronic pain in C, T, LS spine and all 4 extremities—improved but still with pain," among

other conditions.  Tr. at 510.  He noted Plaintiff's pain is severe.  Tr. at 511.  As for

restrictions, Dr. Weise indicated Plaintiff "[n]eed[s] to change position more than once every

two hours"; that he can stand or sit for fifteen minutes at a time but cannot stand or sit for an

hour in a workday; and that he can lift ten pounds occasionally and five pounds frequently.

Tr. at 511, 514.  Dr. Weiss opined that Plaintiff is "[u]nable to engage in substantial gainful

employment" due to his lumbar and cervical spine conditions.  Tr. at 512, 515.

The ALJ gave little weight to Dr. Weiss's opinion, finding it "not consistent with the

objective medical evidence of record including the treatment records showing substantial

improvement in [Plaintiff's] condition and abilities."  Tr. at 20.  The ALJ also discounted Dr.

Weiss's statement that Plaintiff is unable to work because, according to the ALJ, this

"statement is not a medical opinion," but rather "an administrative finding, which is dispositive

of a case and reserved to the Commissioner . . . ."  Tr. at 20-21.

Plaintiff argues that "the ALJ ignored" the following points in the assessment of Dr.

Weiss's opinion:

> (1) Dr. Weiss'[s] neurologic examination is the most detailed in the entire
> record. [Tr. at] 507-14.  Dr. Weiss assessed "Central Cord Syndrome with
> chronic pain throughout spine and 4 extremities—improved but still with pain."
> [Tr. at] 510 (emphasis added).  (2)  While Dr. Biggs'[s] treatment notes show
> improvement, Dr. Biggs opined Plaintiff received only "partial relief with meds."
> [Tr. at] 422. Dr. Biggs thought the impairments were severe enough to cause
> Plaintiff to be absent more than 3 times a month.

Pl.'s Mem. at 14.

Upon review, the ALJ erred in assessing Dr. Weiss's opinion.  In particular, it is

unreasonable to discount Dr. Weiss's assessment on the basis that it is inconsistent with

"treatment records showing substantial improvement in [Plaintiff's] condition and abilities."

Tr. at 20.  Dr. Weiss examined Plaintiff on February 26, 2014—less than two months before

the ALJ issued her Decision, and thus, after Plaintiff had supposedly made substantial

improvement.   As Plaintiff correctly notes, Dr. Weiss performed a detailed neurologic

examination.   See Pl.'s Mem. at 14; Tr. at 507-10 (Dr. Weiss's examination report).

Regardless of prior improvement, it was Dr. Weiss's medical opinion, in February and March

2014, that Plaintiff still had impairments that restricted or precluded his ability to work.

Because the record fails to support the ALJ's reasons for discounting Dr. Weiss's opinion,

the opinion must be reconsidered on remand.

### 3.  Dr. Cooper

Dr. Cooper examined Plaintiff on September 23, 2013, at the request of the state

disability agency.  Tr. at 404-17.  Dr. Cooper's assessment includes the following physical

limitations: that Plaintiff "can stand and walk for 4-5 hour out of an 8-hour workday"; that he

"can sit for 6 out of 7 hours per day"; that he "can lift and carry frequently up to 10 pounds

and occasionally up to 20 pounds"; that he "can bend, stoop, crouch, crawl, and climb at least

occasionally"; and that he "can reach, grasp, handle, feel, and finger repetitively." Tr. at 416.

Dr. Cooper's opinion is the only medical opinion given "great weight" in the ALJ's

Decision.[5]  Tr. at 20.  The ALJ stated he gave Dr. Cooper's opinion great weight because it

was "consistent with the objective medical evidence of record."  Tr. at 20 (citing Exhibit No.

4F (Tr. at 403-17)).  The ALJ offered no further explanation.

Plaintiff contends that "the ALJ ignore[d] that parts of Dr. Cooper's opinion . . . conflict

with the RFC," including as follows:

> Dr. Cooper opined Plaintiff could stand between 4 and 5 hours total in an
> 8-hour work day and could walk between 3 and 4 hours total in an 8-hour
> workday. [Tr. at] 405.  Nevertheless, the ALJ held Plaintiff could stand/walk for
> a total of six hours during an eight-hour workday. [Tr. at] 15.

Pl.'s Mem. at 14-15.  Plaintiff remarks that "[a] person limited to less than six hours of

standing or walking is unable to do light work." Id. at 15 (citing Social Security Ruling (SSR)

83-10).

Upon review, the undersigned finds judicial review is frustrated by the ALJ's failure to

address the apparent discrepancies between the RFC finding and the only medical opinion

---

[5]      The ALJ noted that her conclusion as to Plaintiff's work restrictions was "further supported by the opinion of the [non-examining] Florida state agency medical consultant," Tr. at 21 (citing Exhibit Nos. 7A, 8A (Tr. at 88, 89)), although the ALJ found Plaintiff "more limited" than the consultant had found, Tr. at 21.  No specific weight was assigned to the consultant's opinion.

      Plaintiff challenges the ALJ's assessment of the consultant's opinion.  Pl.'s Mem. at 16.  He argues, "Even if the ALJ had properly reviewed Dr. Biggs' opinion and found 'good cause' to not give it controlling weight, the ALJ would have erred in giving greater weight to the opinion of . . . the State agency non-examining physician." Id.  Because the case is due to be remanded for further consideration of the medical opinions, this argument need not be substantively addressed.

given great weight in the Decision.  On remand, along with the other medical opinions in the record, further consideration of Dr. Cooper's opinion is required.

### V.  Conclusion

In accordance with the foregoing, it is hereby **ORDERED**:

1.     The Clerk of Court is directed to enter judgment pursuant to 42 U.S.C. § 1383(c)(3) and sentence four of § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

> (A)    Reevaluate the medical opinions in the record, assign the appropriate weight to such opinions, and explain the reasoning behind the weight assigned; and
>
> (B)    Take such other action as may be necessary to resolve these claims properly.

2.     The Clerk is directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on March 6, 2017.

_James R. Klindt_
**JAMES R. KLINDT**
United States Magistrate Judge

clr
Copies to:
Counsel of record