KENNETH W. DAYHOFF,

      Plaintiff,

v.                                          Case No. 6:16-cv-00072-J-JRK

ANDREW M. SAUL,[1]
Commissioner of Social Security,

      Defendant.

_____

# O R D E R

This cause is before the Court on the Petition for Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. No. 25; "Motion"), filed March 22, 2019. Defendant opposes the relief requested in the Motion. See Commissioner's Response to Plaintiff's Attorney's Petition for Fees Under 42 U.S.C. § 406(b) (Doc. No. 26; "Response"), filed March 29, 2019. Plaintiff's counsel, Bradley K. Boyd, seeks an award of $37,597.63 pursuant to 42 U.S.C. § 406(b). See Motion at 2, 3. In the Response, Defendant argues that "the requested award is not reasonable and would be a windfall to Plaintiff's counsel." Response at 1. Defendant asserts that counsel's request "breaks down to a de facto hourly rate of $1,708.98." Id. at 3.

Section 406(b)(1)(A) states in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Andrew M. Saul should be substituted for Nancy A. Berryhill as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

42 U.S.C. § 406(b)(1)(A). The statute does not impose a 25 percent cap on the aggregate of attorney's fees awarded under § 406(a)—which are awarded for work done at the administrative level—and § 406(b). Culbertson v. Berryhill, 139 S. Ct. 517, 519 (2019). Instead, "the 25% cap applies only to fees for representation before the court, not the agency." Id. at 522.

The twenty-five percent ceiling was meant "to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" Gisbrecht v. Barnhart, 535 U.S. 789, 805 (2002) (citations omitted). "[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results . . . ." Id. at 807. The burden is on the attorney to "show that the fee sought is reasonable for the services rendered." Id. Generally, "[t]he 'best indicator of the reasonableness of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client . . . .'" Coppett v. Barnhart, 242 F. Supp. 2d 1380, 1383 (S.D. Ga. 2002) (quoting Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990)).

"Although the contingency agreement should be given significant weight in fixing a fee, [the district court] must independently assess the reasonableness of its terms." McGuire v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989). The contingency fee negotiated by the claimant and his or her counsel is not reasonable if the agreement calls for fees greater than the twenty-five percent statutory limit, the agreement involved fraud or "overreaching"

in its making, the resolution of the case was unreasonably delayed by the acts of the claimant's attorney, or would provide a fee "so large as to be a windfall to the attorney." Wells, 907 F.2d at 372 (citation omitted); see also McGuire, 873 F.2d at 981. Factors to consider in assessing the reasonableness of the fee include whether there was unreasonable delay in the litigation caused by the attorney, the quality of the representation, the size of the award in relationship to the time spent on the case, and the likelihood of the claimant prevailing. See Gisbrecht, 535 U.S. at 808. Additionally, an attorney who successfully claims both Equal Access to Justice ("EAJA") fees from the United States and an award under 42 § U.S.C. 406(b) must refund "to the claimant the amount of the smaller fee." Id. at 796.

Here, upon review of the record and consideration of the relevant factors, the Court finds that the fee requested is not reasonable. Although the fee is not greater than the 25 percent statutory limit, and there is no evidence that Plaintiff's counsel caused any excessive delays or that the contingency fee agreement involved fraud or overreaching in its making, granting fees in the amount requested would result in a windfall to Plaintiff's counsel. The Court addresses the relevant factors below.

Looking to the percentage negotiated between the attorney and the client, the Court notes that Plaintiff and his counsel agreed that attorney's fees would not exceed 25 percent of the past-due benefits award. See Plaintiff's Response to Order to File Attachments to Motion for Attorney Fees (Doc. No. 28; "Notice") at Ex. B (Attorney Employment Contract). The amount of attorney's fees sought by Plaintiff's counsel ($37,597.63) is less than 25 percent ($43,597.63) of Plaintiff's past-due benefits award ($174,390.00). Id. at Ex. A

(Notice of Award) at 2, 4. This is because Plaintiff's counsel deducted $6,000 for the fees he expects to receive under § 406(a). See Motion at 2.[2] Plaintiff's counsel represents he will return to Plaintiff the $4,180.00 previously awarded pursuant to the EAJA. Id. at 3. Plaintiff's counsel, however, also represents that the EAJA fees were "withheld for payment of a Small Business Administration debt." Id. at 2.

Considering all the circumstances, however, granting fees in the amount requested would be unreasonable in relation to the services rendered and time spent on the case. Plaintiff's counsel spent 22 hours working on the case. See Notice at Ex. C. Although an experienced lawyer like Plaintiff's counsel, see Motion at 3, may have to spend less time on a case, see Anderson v. Comm'r of Soc. Sec., No. 2:14-cv-355-FtM-38MRM, 2017 WL 3022333, at *3 (M.D. Fla. July 17, 2017), this case was not overly complicated. Plaintiff filed a Complaint (Doc. No. 1), an Affidavit of Indigency (Doc. No. 2) that the Court construed as Motion to Proceed In Forma Pauperis, and a Memorandum (Doc. No. 18) opposing the Commissioner's Decision denying benefits. The Complaint is three pages long, and other than Plaintiff's name, there is no information in the document that indicates the Complaint is unique to Plaintiff. See generally Complaint. The Memorandum did not raise novel or complex issues of law; the issues in the case were commonly recurring issues in Social Security appeals. Cf. Anderson, 2017 WL 3022333 (considering complexity of case in evaluating reasonableness of requested §406(b) fee); Ugorek v.

---

[2] Upon review of the administrative transcript and the Attorney Employment Contract, it appears Plaintiff was represented by another attorney, Edward G. Matheson, during the administrative proceedings. See, e.g., Transcript of Administrative Proceedings (Doc. No. 14), filed May 9, 2016, at 3, 5, 7, 11, 28 (identifying Mr. Matheson as Plaintiff's attorney); see also Notice at Ex. B (Attorney Employment Contract indicating Mr. Boyd began representing Plaintiff on January 5, 2016—after the administrative proceedings ended).

Astrue, No. 3:04-cv-1119-J-TEM, 2008 WL 169737, at *5 (M.D. Fla. 2008) (considering complexity "[i]n accordance with Gisbrecht"); Alfaro v. Astrue, No. 3:99-cv-1152-J-HTS, 2008 WL 816942, at *5 (M.D. Fla. 2008) (considering complexity of case in evaluating reasonableness of the requested §406(b) fee). Indeed, the analysis applicable to the facts was only about five pages long, a portion of which consisted of case law. See Memorandum at 13-17. The preparation of the Memorandum took 19.6 hours (out of the 22 total hours spent on the case). See Notice at Ex. C (Invoice). Upon review, the undersigned does not find this case to have been overly difficult or time-consuming.

Based on the Court's analysis of the reasonableness of the fee, a downward adjustment is in order. Based on the Court's experience, $200-$250 is a reasonable hourly rate range for Social Security appeals in this district. Further, "awarding attorneys up to 2.5 times the non-contingent hourly rate 'adequately compensates attorneys for the risk they assumed in representing claimants on a contingency basis.'" Anderson, 2017 WL 3022333, at *4 (quoting Davis v. Astrue, 533 F. Supp. 2d 1212, 1219 (M.D. Fla. 2007)); see, e.g., Ugorek, 2008 WL 169737, at *5; Alfaro, 2008 WL 816942, at *3. Here, a rate of $250.00 per hour multiplied by 2.5 to account for the contingent nature of the representation would result in a fee of $13,750.00.

For the foregoing reasons, it is

**ORDERED**:

1. The Petition for Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. No. 25) is **GRANTED in part** and **DENIED in part**.

2. Plaintiff's counsel, Bradley K. Boyd, is awarded $13,750.00 pursuant to 42 U.S.C. § 406(b), which shall be paid from the past-due benefits awarded to Plaintiff. The Commissioner shall now pay Mr. Boyd the sum of $13,750.00 from the past-due benefits withheld. Any remainder of the withheld past-due benefits shall be paid directly to Plaintiff.

3. Upon receipt of the $13,750.00 from the Commissioner, Mr. Boyd shall immediately return to Plaintiff the $4,180.00 previously awarded to Mr. Boyd pursuant to the Equal Access to Justice Act ("EAJA"). If the EAJA fees were withheld for payment of a debt and Plaintiff's counsel never received them, Plaintiff's counsel need not provide Plaintiff with $4,180.00.[3]

4. The Clerk of the Court is directed to enter judgment accordingly and close the file.

**DONE AND ORDERED** in Jacksonville, Florida on August 21, 2019.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:
Counsel of Record

---

[3] As noted, Plaintiff states in the Motion he will refund Plaintiff the fees awarded under the EAJA, but he also represents the EAJA fees were "withheld for payment of a Small Business Administration debt." Motion at 2.